IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Weeber LLC<br><br>    Plaintiff,<br>vs.<br><br>Gift Heaven US Inc.,<br>D & G International Trading Inc.,<br>Gum Lung Tang<br>Wei Jun Li,<br>and<br>John Doe 1-10<br>and<br>XYZ Companies 1-10<br><br>    Defendants | )  Court No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Weeber LLC, ("Plaintiff") by its attorney, Anthony M. Verna III, Esq., hereby files the following Complaint against Gift Heaven US Inc., D & G International Trading Inc., Gum Lung Tang, Wei Jun Li ("Defendants") and John Does 1-10 and XYZ Companies 1-10 ("Unknown Defendants").

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and damages for acts of copyright infringement, trademark infringement, false designation of origin, unfair competition, and a violation of the Consumer Product Safety Act that the Defendants engaged in in violation of the laws of the United States and the State of New York.

2. In particular, this case concerns Defendants' willful infringement of the Plaintiff's I HEART GUTS valuable registered trademark, Plaintiff's most distinctive and popular product line of plush toys, and registered copyrights of the valuable and distinctive designs of the toys.

3. Despite the registrations, Defendants introduced counterfeit plush toys into the marketplace with the same trademark and the toy design, despite not being made or distributed through any authorized channels.

4. Defendants undertook this behavior without the consent of the Plaintiff and Defendants created these unauthorized, counterfeit, unsafe products to siphon off sales from Plaintiff to Defendants.

## PARTIES

5. Weeber LLC, Plaintiff, is a California Limited Liability Company.

6. Plaintiff's mailing address is P.O. Box 1863, Claremont, CA  91711.

7. Plaintiff's principal place of business is 1250 N Indian Hill Blvd #14 Claremont, CA 91711.

8. Plaintiff is the owner of a trademark, I HEART GUTS, United States Registration No. 3528440.  (See **EXHIBIT A**.)

9. Plaintiff is the owner of a copyright, "Heart stuffed toy," United States Registration No. VA 1-848-095.  (See **EXHIBIT B**.)

10. Upon information and belief, Defendants Gift Heaven US Inc. and D & G International Trading Inc. are corporate entities that are valid, active, registered, and subsisting in the State of New York.

11. Upon information and belief, Defendants Gum Lung Tang and Wei Jun Li are individuals; one or both of Gum Lung Tang and Wei Jun Li are owners of Gift Heaven US Inc. and D & G International Trading Inc.

12. Upon information and belief, the principal place of business of Defendant Gift Heaven US Inc. is at 39 Bowery #641, New York, NY 10002.

13. Upon information and belief the principal place of business of Defendant D & G International Trading Inc. is 75 Baruch Dr. #4E, New York, NY, 10002

14. Upon information and belief, Defendant Gum Lung Tang is a resident of either 50 Mott Street, Apt. 33, New York, New York 10013-5010 or 1708 Bath Ave 1FL, Brooklyn, NY 11214.

15. Upon information and belief, Defendant Wei Jun Li is a resident of either 227 Christopher Columbus Drive, Apt. 3188, Jersey City, New Jersey 07302-8402 or 75 Baruch Drive, #4E, New York, N.Y.

16. Upon information and belief, Defendants are acting in conjunction with various Unknown Defendants, denoted here as Defendant XYZ Companies 1-10 and John Does 1-10, whose identities are not currently known.  If the identities of these parties become known, Plaintiff will amend the Complaint to include the names of these additional corporations and individuals.

## JURISDICTION AND VENUE

17. Plaintiff repeats and realleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Plaintiff does business in New York.

19. Defendants are residents of the State of New York or corporate entities headquartered in the State of New York.

20. Jurisdiction in this Court is proper pursuant to Fed. R. Civ. Proc. 7, 28 U.S.C. §1331, and 15 U.S.C. §§2064 and 2073.

21. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

22. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

23. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1117.

24. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1119.

25. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1125.

26. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§2064 and 2073.

27. This Court has personal jurisdiction over Defendants, which have purposefully availed themselves of the laws of the State of New York by inhabiting and/or headquartering their businesses, marketing, and sales of goods bearing the I HEART GUTS trademark, in the shape of the "Heart stuffed toy" copyright, within the State of New York, including *via* the Internet.

28. The Court has diversity jurisdiction over the matter, because the Plaintiff and Defendants come from different states pursuant to 28 U.S.C. §1332(a)(1).

29. Venue in this Court is proper pursuant to 15 U.S.C. §1071(b)(4).

30. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

31. Venue in this Court is proper pursuant to 15 U.S.C. §§2064 and 2073.

## BACKGROUND AND FACTS

32. Plaintiff repeats and realleges Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiff is a company that sells plush toys and other merchandise (such as, but not limited to, keychains, t-shirts, and stickers) that is related to its plush toy designs.

34. Plaintiff registered its I HEART GUTS trademark on November 27, 2007, U.S. Registration No. 3528440, and its required Section 8 filing was accepted on November 25, 2013.

35. I HEART GUTS represents, "shirts" in International Class 25 and "Stuffed toys" in International Class 28.

36. I HEART GUTS, is valid, subsisting and in full effect and serves as *prima facie* evidence of the validity of the mark and of Plaintiff's exclusive right to use the mark on the goods listed in the registration. Said is incontestable pursuant to 15 U.S.C. §§1058 & 1065. See **EXHIBIT A**.

37. Plaintiff registered the copyright on its "Heart stuffed toy" on February 28, 2013, as registration number VA 1-848-095. See **EXHIBIT B**.

38. Plaintiff was alerted in 2015 that the Defendants were selling counterfeited products.

39. Plaintiff was able to purchase counterfeited material on Amazon.com and eBay.com.

40. Defendants were listed as the seller of the counterfeited material.

41. Plaintiff's use of I HEART GUTS occurs prior to Defendants' use of the same mark.

42. Plaintiff's trademark, I HEART GUTS, possesses a high degree of distinctiveness and represents an extremely valuable asset of Plaintiff's business.

43. Plaintiff's registration of "Heart stuffed toy" occurs prior to Defendant's sale of the exact same product.

44. Defendants, collectively and individually, are advertising the sale of the infringing products on Amazon and eBay. *See* **EXHIBIT C**.

45. Defendants, collectively and individually, are selling the infringing products on Amazon and eBay. *See* **EXHIBIT C**.

46. Defendants, collectively and individually, are creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products without the authorization of Plaintiff or license from Plaintiff.

47. Defendants are using the exact same trademark, I HEART GUTS, confusing consumers to believe that consumers are buying the genuine I HEART GUTS plush toys from Plaintiff.

48. Plaintiff has documented the extensive differences between the genuine "Heart stuffed toy" product with the I HEART GUTS trademark and the counterfeit, poorly produced versions the Defendants are making.  See **EXHIBIT D**.

49. Plaintiff has sent a cease-and-desist letter on September 1, 2015 to Defendants via Priority Mail.  *See* **EXHIBIT E**.

50. None of the defendants, either collectively or individually, responded to the cease-and-desist letter.

## COUNT I
## (Trademark Infringement Under 15 U.S.C. § 1114(1))

51. Plaintiff repeats and realleges Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. This claim is for the infringement of a trademark registered in the United States Patent & Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1), as amended.

53. Defendants' use of I HEART GUTS is confusingly similar to, and a colorable imitation of, Plaintiff's federally registered I HEART GUTS mark.

54. Defendant has and continues to use I HEART GUTS unlawfully on popular sites to sell products, such as Amazon.com and eBay.com.

55. Defendant's unauthorized and unlawful use of the I HEART GUTS designation is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of Defendants' services.

56. Upon information and belief, Defendants' infringement of Plaintiff's federally registered I HEART GUTS mark has been willful, intentional and deliberate, and designed to trade on the goodwill associated with the I HEART GUTS mark, which was established solely by Plaintiff in the course of its business.

57. Defendants have profited and been unjustly enriched, and will continue to profit and be unjustly enriched, by sales and publicity that none of these Defendants would otherwise have obtained but for their individual and collective unlawful conduct.

58. Defendants' acts described in paragraphs 51-57 have caused and will continue to cause injury and damage to Plaintiff, and have caused and will cause irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

## COUNT II
## (Trademark Counterfeiting under 15 U.S.C. § 1116(d))

59. Plaintiff repeats and realleges Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. This claim is for the counterfeiting of a trademark registered in the United States Patent & Trademark Office, pursuant to Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d), as amended.

61. Defendants are using a counterfeit of a mark, I HEART GUTS, that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, as in the I HEART GUTS REGISTRATION, "Stuffed toys" in International Class 28.

62. Defendants are using a spurious designation that is identical with, or substantially indistinguishable from, I HEART GUTS, on the principal register in the United States Patent and Trademark Office.

63. Defendants' acts of creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products bearing the mark of I HEART GUTS without the authorization of Plaintiff or license from Plaintiff mean that the Defendants are counterfeiting the I HEART GUTS mark in violation of 15 U.S.C. § 1116(d).

## COUNT III
## (False Designation of Origin Under 15 U.S.C. § 1125)

64. Plaintiff repeats and realleges Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

65. This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

66. Plaintiff's I HEART GUTS trademark has become highly distinctive of the goods listed in the registration.

67. By its use or imminent use of I HEART GUTS without the consent or authorization of Plaintiff as described above, Defendants have falsely designated the origin of Defendants's services, and Defendants have thereby competed unfairly with Plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a), as amended.

## COUNT IV
## (Common Law Unfair Competition)

68. Plaintiff repeats and realleges Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. Defendants' acts of creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products without the authorization of Plaintiff or license from Plaintiff mean that the Defendants are deceptively trying to "pass off" their products as those of the Plaintiff, or as somehow related to or associated with, or sponsored or endorsed by the Plaintiff, thereby exploiting the Plaintiff's reputation in the marketplace.

70. Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' infringing products, or as to a possible affiliation, connection or association between Plaintiff and Defendants, and/or between Plaintiff's products and Defendants' infringing products in violation of Plaintiff's rights under the common law of the State of New York.

71. Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive acts, unless restrained by this Court.

72. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

73. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT V
### (Common Law Trademark Infringement)

74. Plaintiff repeats and realleges Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. This claim is for trademark infringement and in violation of the common law of the State of New York.

76. The aforesaid conduct of Defendants constitutes willful trademark infringement under the common law of the State of New York.

77. Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe Plaintiff's I HEART GUTS trademark, unless restrained by this Court.

78. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

79. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT VI
### (Copyright Infringement)

80. Plaintiff repeats and realleges Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. The Defendants are creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products in the same design as the "Heart stuffed toy" without the authorization of Plaintiff or license from Plaintiff.

82. All of the Defendants' infringements occurred subsequent to the date of registration of the "Heart stuffed toy" copyright.

83. As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

84. The conduct of Defendants is causing, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law.

85. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights.

## COUNT VII
### (Vicarious Copyright Infringement)

86. Plaintiff repeats and realleges Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

87. The reproduction of, distribution of, and creation of derivative works from the Plaintiff's "Heart stuffed toy" constitutes the direct infringement of those works.

88. Upon information and belief, the Defendants derive a direct financial benefit from this infringement, including without limitation revenue sharing and/or royalty payments for each infringing version sold.

89. Upon information and belief, the Defendants have the right and ability to supervise the activities of those engaged in the infringement, including without limitation contractual rights, license agreement(s), and/or approval rights.

90. Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of the Plaintiff.

91. As a result of Defendants' acts as set forth herein, Plaintiff has suffered and continues to suffer substantial damage to its business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, none of which may be fully ascertained at this time. The Defendants have also unlawfully profited from their infringement, constituting actual damages not yet fully ascertainable but expected to be sufficiently established through discovery.

## COUNT VIII
**(Contributory Infringement)**

92. Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1-91 above.

93. The infringement, including without limitation the reproduction of, distribution of, and creation of derivative works from the "Heart stuffed toy" constitutes the direct infringement of those works.

94. Upon information and belief, Defendants had constructive knowledge that the infringement violated Plaintiffs' rights.

95. Upon information and belief, Defendants had actual knowledge that the infringement violated Plaintiffs' rights.

96. Upon information and belief, Defendants induced, caused, and/or materially contributed to the direct infringement of Plaintiffs' work that occurs in the infringement by, among other things, commissioning and/or licensing the electronic versions of the "Heart stuffed toy", and providing galley proofs or similar high-quality source material for rendition into electronic format.

97. Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiff.

98. As a result of Defendants' acts as set forth herein, Plaintiff has suffered and continues to suffer substantial damage to its business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, none of which may be fully ascertained at this time. The Defendants have also unlawfully profited from their infringement, constituting actual damages not yet fully ascertainable but expected to be sufficiently established through discovery.

## COUNT IX
### (Violation of the Consumer Product Safety Act, 15 U.S.C. §§2051-2089)

99. Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1-98 above.

100. Defendants import counterfeit versions of the "Heart stuffed toy" copyright that are substantial product hazards as defined by 15 U.S.C. §2051(a).

101. Defendants import counterfeit versions of the "Heart stuffed toy" copyright that are noncompliant with applicable consumer safety rules as defined by 15 U.S.C. §2051(b).

102. Defendants sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States a consumer product that is a counterfeit version of the "Heart stuffed toy" that is regulated by the Consumer Product Safety Act, 15 U.S.C. §§2051-2089, without proper testing, control, or other required protocols of the Consumer Product Safety Act, 15 U.S.C. §§2051-2089, in violation of 15 U.S.C. §2068(a)(1), (6)-(15).

103. Upon information and belief, Defendants sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States a consumer product that is a counterfeit version of the "Heart stuffed toy" that is regulated by the Consumer Product Safety Act, 15 U.S.C. §§2051-2089, and is a banned hazardous substance within the meaning of 15 U.S.C. §1261(q)(1), in violation of 15 U.S.C. §2068(a)(1), (6)-(15).

104. Plaintiff, as creator of the "Heart stuffed toy" with the I HEART GUTS federally registered trademark used in association with the toy, is an interested party as defined by 15 U.S.C. §2073(a).

105. Plaintiff has been damaged pursuant to 15 U.S.C. §2072 because the public will assume that Defendants' actions as defined and described above are actually the Plaintiffs who sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States a product that violates the Consumer Product Safety Act, 15 U.S.C. §§2051-2089.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

1. Permanently enjoin Defendant from using the mark I HEART GUTS in any capacity in connection with any goods;

2. Permanently enjoin Defendant from creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, and selling any product that infringe upon the "Heart stuffed toy" in any capacity;

3. Adjudge that Plaintiff recover from Defendant its damages in an amount to be determined at trial;

4. Adjudge that Defendants be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendant's profits under 15 U.S.C. §1117, plus prejudgment interest;

5. Adjudge that Defendants be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded those revenues and profits under 17 U.S.C. § 504, plus prejudgment interest;

6. Adjudge that Defendants are liable for statutory damages under 17 U.S.C. § 504;

7. Adjudge that Defendants are liable for $1,000,000 per willful counterfeit trademark use under 15 U.S.C. §1117;

8. For costs of suit including reasonable attorneys' fees and disbursements under 17 U.S.C. § 505;

9. To impound all infringing materials and to destroy all infringing materials under 17 U.S.C. § 503;

10. To restrain Defendants from manufacturing for sale, offering for sale, distributing in commerce, or importing any products similar to or counterfeiting the I HEART GUTS federally registered trademark in conjunction with the "Heart shaped toy" copyrighted product pursuant to 15 U.S.C. §2071;

11. To impound all non-conforming materials and to destroy all non-conforming materials under 15 U.S.C. §2071;

12. For reasonable attorneys' and expert witness fees under 15 U.S.C. §§2068 and 2072; and

13. Grant any other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

Dated: December 4, 2015

*/s Anthony M. Verna III*
Anthony M. Verna III, Esq.
Verna Law, P.C.
445 Hamilton Ave, Suite 1102
White Plains, NY 10601

Attorney for Plaintiff
Weeber, LLC

Anthony M. Verna III, Esq.
Verna Law, P.C.
445 Hamilton Ave., Suite 1102
White Plains, NY 10601

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Weeber LLC | ) Court No.: |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Gift Heaven US Inc., | ) |
| D & G International Trading Inc., | ) |
| Gum Lung Tang | ) |
| Wei Jun Li, | ) |
| and | ) |
| John Doe 1-10 | ) |
| and | |
| XYZ Companies 1-10 | |
| | |
| Defendants | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___ day of December 2015, a copy of the foregoing Complaint was served via _____, on the following:

 

Respectfully submitted,

Dated this December ___, 2015

      /s Anthony M. Verna III
Anthony M. Verna III, Esq.
Verna Law, P.C.
445 Hamilton Ave, Suite 1102
White Plains, NY 10601

# EXHIBIT A

Trademark Registration

Int. Cls.: 25 and 28

Prior U.S. Cls.: 22, 23, 38, 39, and 50

**United States Patent and Trademark Office**

Reg. No. 3,528,440

Registered Nov. 4, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

# I HEART GUTS

WEEBER, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
PO BOX 25782
LOS ANGELES, CA 90025

FOR: SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-1-2005; IN COMMERCE 8-9-2005.

FOR: STUFFED TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 4-1-2007; IN COMMERCE 10-1-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-210,225, FILED 6-19-2007.

DEZMONA MIZELLE, EXAMINING ATTORNEY

**EXHIBIT B**

"Heart stuffed toy" registration

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**VA 1-848-095**

Effective date of registration:
February 28, 2013

---

**Title**
    Title of Work: Heart stuffed toy

**Completion/Publication**
    Year of Completion: 2007
    Date of 1st Publication: October 15, 2007    Nation of 1st Publication: United States

**Author**
    ■    Author: Weeber LLC
    Author Created: sculpture
    Work made for hire: Yes

**Copyright claimant**
    Copyright Claimant: Weeber LLC
    P.O. Box 5247, Takoma Park, MD 20913, United States

**Rights and Permissions**
    Organization Name: Weeber LLC
    Name: George Codi Lazar
    Email: codi@iheartguts.com    Telephone: 323-334-5870
    Address: P.O. Box 5247
    Takoma Park, MD 20913 United States

**Certification**
    Name: George Codi Lazar
    Date: February 28, 2013

---

    Correspondence: Yes

Page 1 of 1

**EXHIBIT C**

Amazon and eBay screenshots showing the counterfeit products for sale



